I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: July 23, 2008

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

JUL 23 2008

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TYREECE REYNOLDS,<br><br>  Petitioner,<br><br>  v.<br><br>A. HEDGPETH, Warden,<br><br>  Respondent. | Case No. EDCV 08-00905 VAP (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

**I. BACKGROUND**

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Tyreece Reynolds ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises four claims directed at Petitioner's underlying convictions that he sustained following a jury trial in the San Bernardino County Superior Court (No. FSB042486) on December 16, 2004. (Pet. 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///


## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, the face of the Petition and relevant state court records attached as exhibits show Petitioner sustained his underlying convictions on December 16, 2004, and was sentenced on February 10, 2005. (Pet. 2, attachments.) The

Petition and relevant state court records also establish that the California Supreme Court denied his petition for review on February 22, 2006, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. 3, attachments; No. S140505.) Therefore, for purposes of AEDPA's limitation period, his judgment became final on May 23, 2006, which is the ninetieth day after his petition for review was denied by the California Supreme Court and the time for Petitioner to file a petition for certiorari with the Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period then started to run the next day, May 24, 2006, and ended a year later on May 23, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because he did not constructively file the pending Petition until June 26, 2008[1] -- 400 days (over one year) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

### C. Statutory Tolling

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or

---

[1] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on July 9, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on June 26, 2008, the date he signed it. (Pet. 8.)

Page 3

other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

On May 17, 2007 -- 358 days after the one-year limitation period started to run on May 24, 2006 -- Petitioner constructively filed his first state habeas petition with the San Bernardino County Superior Court (No. SWHSS700067) and, on June 13, 2007, the petition was denied, leaving seven days remaining before the limitation period expired. (Pet. 4, attachments.) Under AEDPA, Petitioner is not entitled to statutory tolling for this 358-day period, because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

Petitioner is entitled to statutory tolling from May 17, 2007, to June 13, 2007, the period during which his first state habeas petition was pending in the trial court. Given twenty-seven days of statutory tolling, the limitation period was extended from May 23, 2007, to June 19, 2007.

Petitioner then waited until December 30, 2007-- another 200 days after the first state habeas petition was denied on June 13, 2007, to constructively file his second state habeas petition with the court of appeal. (Pet. 4, attachments; No. E044861.) Based upon *Evans*, the Court finds this unexplained, unjustified 200 day delay unreasonable under California law.

In *Evans*, the United States Supreme Court recently held that, in the absence of a clear direction or explanation from the California Supreme Court as to what constitutes a "reasonable time" (or the legislative enactment of a determinate time limit), federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Evans*, 546 U.S. 198-99. In *Evans*, the Supreme Court applied the foregoing principles and found "a totally unexplained, hence unjustified" period of at least six months filing delay to be unreasonable under California law. *Id.* at 201. The Supreme Court stated:

> [s]ix months . . . is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court (citation omitted). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*."

*Id.* Additionally, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's

'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

*Id.* at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1) (allowing only ten days to file a petition for review of a decision by the court of appeal, including habeas corpus decisions.)

In light of the Supreme Court's reasoning in *Evans*, and based on Petitioner's failure to set forth in his Petition and attachments any facts or explanation for the significant delay, this Court finds that Petitioner is not entitled to statutory tolling for the unexplained and unjustified 200 day (over six months) delay between the denial of his first state habeas petition and the constructive filing of his second habeas petition. It is clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Evans*, 546 U.S. at 199-200 (finding no bright line rule, but determining six month delay not reasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (eighty-eight day delay unreasonable); *Ray v. Marshall*, No. CV F 06-1898 DLB HC, 2007 WL 3096157, at *3-4 (E.D. Cal. Oct. 22, 2007) (139 day delay unreasonable); *Jackson v. Ollison*, No. 06-CV-1123-IEG(AJB), 2007 WL 433188, at *5 (S.D. Cal. Jan. 23, 2007) (eight month delay unreasonable).

Thus, Petitioner is not entitled to statutory tolling for his second and third state habeas petitions in the intermediate appellate courts because the petitions were filed after the extended statute of the limitations period expired on June 19, 2007, and has no tolling consequence. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has

elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

Accordingly, the face of the Petition and relevant state court records establish that this Petition, constructively filed on June 26, 2008, is untimely by 373 days (the amount of untolled time between the new limitation deadline (06/19/07) and the Petition's constructive filing date (06/26/08)).[2]

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition and attachments do not set forth any facts showing that Petitioner is entitled to relief under this provision.

---

[2] The Court further notes that three of the four grounds in the pending Petition appears to be unexhausted and is further subject to dismissal as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198 (1982); *Pliler v. Ford*, 542 U.S. 225, 227, 124 S. Ct. 2441 (2004). Specifically, the face of the Petition and relevant state court records attached as exhibits indicate the first, second, and third grounds of the Petition are unexhausted because they were not raised on direct review, and is currently pending in the California Supreme Court on collateral review. In contrast, the Petition and relevant state court records show the fourth ground of the Petition was fairly presented to the state courts on direct review. However, as the above analysis makes clear, all of Petitioner's state habeas petitions were filed far too long after the statute of limitations expired to have any bearing on the exhaustion issue.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition and attachments do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and attachments do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### E. Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition and attachments do not set forth any facts showing that Petitioner is entitled to relief under this provision.

///
///
///

# ORDER

Based upon the foregoing, the Court finds the Petition, attachments, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **August 12, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: July 23, 2008

/ s /   ARTHUR NAKAZATO
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE