1

2                                                                              "O"

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12   TYREECE REYNOLDS,                  )   Case No. EDCV 08-00905 VAP (AN)
                                        )
13              Petitioner,             )   **MEMORANDUM   AND   ORDER**
                                        )   **DISMISSING HABEAS PETITION**
14         v.                           )   **AS TIME-BARRED**
                                        )
15   A. HEDGPETH, Warden,               )
                                        )
16              Respondent.             )
                                        )
17   _____ )

18

19         Before the Court is a petition for a writ of habeas corpus ("Petition") brought

20   pursuant to 28 U.S.C. § 2254 by Tyreece Reynolds ("Petitioner"), a state prisoner

21   proceeding *pro se*.  For the reasons discussed below, the Petition is dismissed with

22   prejudice because the Court finds it is time-barred.

23   ///

24   ///

25   ///

26

27

28

1

**I. BACKGROUND**

2      The Petition raises four claims for relief, all of which are directed at Petitioner's

3  underlying convictions that he sustained following a jury trial in the San Bernardino

4  County Superior Court (No. FSB042486) on December 16, 2004.  (Pet. 2.)

5      The Petition and relevant state court records attached as exhibits show Petitioner

6  appealed his judgment of conviction to the California Court of Appeal (No. E037520);

7  on December 14, 2005, the intermediate state appellate court affirmed the judgment of

8  conviction.  (Pet. 3, attachments.)  On January 19, 2006, Petitioner filed a petition for

9  review with the California Supreme Court (No. S140505) that was summarily denied

10  on February 22, 2006. (*Id.*)

11      Thereafter, Petitioner sought state collateral review of his underlying judgment

12  of conviction.  On May 17, 2007, Petitioner signed and constructively[1/] filed a habeas

13  petition with the San Bernardino County Superior Court (No. SWHSS700067) that was

14  denied on June 13, 2007.  (Pet. 4, attachments.)  On December 30, 2007, Petitioner

15  constructively filed his second state habeas petition with the California Court of

16  Appeal that was denied on January 14, 2008.  (Pet. 4, attachments.)  Finally, on April

17  9, 2008, Petitioner constructively filed a habeas petition with the California Supreme

18  Court (No. S162659) that is still pending before that court.  (*Id.*)

19      On June 26, 2008, Petitioner constructively filed the pending Petition.  (Pet. 8.)

20  Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the

21

22

23      [1/]   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed
to be filed on the date the prisoner delivers the petition to prison authorities for mailing
24  to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar
v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule also applies to *pro
25  se* state habeas petitions.  *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).
26  The petition presented to the San Bernardino Superior Court was filed by the clerk on
May 21, 2007, however, for purpose of the timeliness analysis, the Court gives
27  Petitioner the benefit of the doubt by assuming he constructively filed the petition on
28  the date he signed it, May 17, 2007.  (Pet. 4, attachments.)

1   face of the Petition and accompanying relevant state court records plainly disclosed
2   that this action was barred by the one-year statute of limitations of the Anti-Terrorism
3   and Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S.C. §2244(d)(1)(A).
4   Accordingly, on July 23, 2008, the Magistrate Judge issued an order to show cause that
5   notified Petitioner the action appeared to be time-barred absent some other basis for
6   tolling or an alternative start to AEDPA's one-year limitation period under 28 U.S.C.
7   § 2244(d)(1)(B)-(D).  (*See* July 23, 2008, Order to Show Cause Re Dismissal of
8   Habeas Petition As Time-barred ("OSC")).  The OSC discussed various bases for
9   tolling and directed Petitioner to show cause why the action was not time-barred by
10  filing a written response no later than August 12, 2008. (OSC 2-9.)  The OSC warned
11  Petitioner that his failure to file a timely response to the OSC would result in a waiver
12  of his right to respond to the OSC, and that his Petition would be dismissed with
13  prejudice as time-barred without further notice.  (OSC 9:17-22.)

14          On August 15, 2008, Petitioner filed a motion for an extension of time to file a
15  response to the OSC ("Motion").  On August 19, 2008, the Court granted the Motion.
16  (*See* Aug. 19, 2008, Minute Order, Docket No. 7.)  Petitioner was given fourteen (14)
17  days from the date of the 8/19/08 Order to file a response to the OSC.  (*Id.*)  On
18  September 1, 2008, Petitioner constructively filed his response to the OSC ("OSC
19  Response").  The matter now stands submitted.

20

21                              **II.  DISCUSSION**

22  **A.     Standard of Review**

23          Rule 4 of the Rules Governing Section 2254 Cases in the United States District
24  Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is
25  assigned" is required to examine the petition promptly and "[i]f it plainly appears from
26  the face of the petition and any exhibits annexed to it that the petitioner is not entitled
27  to relief in the district court, the judge shall make an order for its summary dismissal
28  and cause the petitioner to be notified."  Local Rule 72-3.2 of this Court also provides

1    "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus,

2    and if it plainly appears from the face of the petition and any exhibits annexed to it that

3    the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed

4    order for summary dismissal and submit it and a proposed judgment to the District

5    Judge."  C.D. Cal. R. 72-3.2.  Further, an untimely habeas petition may be dismissed

6    *sua sponte*, however, the district court must give the petitioner adequate notice and an

7    opportunity to respond before doing so.  *Day v. McDonough*, 547 U.S. 198, 209-10,

8    126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

9    **B.     Statute of Limitations**

10         The Petition is governed by AEDPA, which establishes a one-year statute of

11   limitations for state prisoners to file a habeas petition in federal court, because the

12   Petition was filed after April 24, 1996, AEDPA's enactment date.  28 U.S.C. §

13   2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997).  In

14   most cases, the limitation period begins to run from "the date on which the judgment

15   became final by conclusion of direct review or the expiration of the time for seeking

16   such review."  28 U.S.C. § 2244(d)(1)(A).

17         As discussed above, on February 22, 2006, the California Supreme Court denied

18   Petitioner's petition for review.  Petitioner never filed a petition for a writ of certiorari

19   with the United States Supreme Court.  (Pet. 3, attachments.)  Therefore, for purposes

20   of AEDPA's limitation period, Petitioner's judgment became final on May 23, 2006,

21   the ninetieth day after the state high court denied his petition for review and the date

22   his time to file a petition for a writ of certiorari with the Supreme Court expired.

23   *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The limitation period then started

24   to run the next day, May 24, 2006, and ended a year later on May 23, 2007.  28 U.S.C.

25   § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001)

26   (the limitations period begins to run on the day after the triggering event pursuant to

27   Fed. R. Civ. P. 6(a)).

28         Petitioner missed the deadline because he did not constructively file the pending

1   Petition until June 26, 2008 -- 400 days after the statute expired.  Therefore, the

2   pending Petition is time-barred unless Petitioner is entitled to some form of tolling or

3   an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. §

4   2244(d)(1).

5   **C.    Statutory Tolling**

6           AEDPA provides a statutory tolling provision that suspends the limitation period

7   during the time a "properly-filed" application for post-conviction or other collateral

8   review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d

9   1145, 1148 (9th Cir. 2005).  An application is "pending" until it has achieved final

10  resolution through the state's post-conviction procedures.  *Carey v. Saffold*, 536 U.S.

11  214, 220, 122 S. Ct. 2134 (2002).  The limitation period is not tolled between the time

12  a final decision is issued on direct state appeal and the time a state collateral challenge

13  is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479

14  F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

15  On collateral review, however, "intervals between a lower court decision and a filing

16  of a new petition in a higher court," when reasonable, fall "within the scope of the

17  statutory word 'pending'" thus tolling the limitations period.  *Saffold*, 536 U.S. at 221,

18  223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

19          On May 17, 2007 -- 358 days after the one-year limitation period started to run --

20  Petitioner constructively filed his first state habeas petition with the San Bernardino

21  County Superior Court and, on June 13, 2007, the petition was denied, leaving 7 days

22  remaining before the limitation period expired. (Pet. 4, attachments.)  Under AEDPA,

23  Petitioner is not entitled to statutory tolling for this 358-day period because there was

24  no case "pending" during this interval.  *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d

25  at 1006.

26          Petitioner is entitled to statutory tolling from May 17, 2007, to June 13, 2007,

27  the 27-day period during which his first state habeas petition was pending in the trial

28  court.  28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148.  Statutory tolling for this

1  time extended the limitation period from May 23, 2007, to June 19, 2007.

2        Petitioner then waited until December 30, 2007-- another 200 days after the first

3  state habeas petition was denied on June 13, 2007 -- to constructively file his second

4  state habeas petition with the court of appeal.  (Pet. 4, attachments.)

5        In *Evans*, the United States Supreme Court held that, in the absence of a clear

6  direction or explanation from the California Supreme Court as to what constitutes a

7  "reasonable time" (or the legislative enactment of a determinate time limit), federal

8  courts must conduct a case-by-case determination of whether the subject filing delay

9  "was made within what California would consider a 'reasonable time.'"  *Evans*, 546

10  U.S. at 198-99.  The *Evans* court  found "a totally unexplained, hence unjustified"

11  period of at least six months filing delay to be unreasonable under California law.  *Id.*

12  at 201.  The *Evans* court stated:

13              [s]ix months . . . is far longer than the 'short period[s] of

14              time,' 30 to 60 days, that most States provide for filing an

15              appeal to the state supreme court. (citation omitted).  It is

16              far longer than the 10-day period California gives a losing

17              party to file a notice of appeal in the California Supreme

18              Court (citation omitted).  We have found no authority

19              suggesting, nor found any convincing reason to believe, that

20              California would consider an unjustified or unexplained

21              6-month filing delay 'reasonable.'  Nor do we see how an

22              unexplained delay of this magnitude could fall within the

23              scope of the federal statutory word 'pending' as interpreted

24              in *Saffold*.

25  *Id*.  *Evans* also provides the following guidance for determining timeliness:

26              [T]he Circuit must keep in mind that, in *Saffold*, we held

27              that timely filings in California (as elsewhere) fell within the

28              federal tolling provision *on the assumption* that California

1    law in this respect did not differ significantly from the laws

2    of other States, i.e., that California's 'reasonable time'

3    standard would not lead to filing delays substantially longer

4    than those in States with determinate timeliness rules.

5  *Id.* at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1)

6  (allowing only 10 days to file a petition for review of a decision by the court of appeal,

7  including habeas corpus decisions).

8        In his OSC Response, Petitioner argues he "is entitled to statutory tolling for his

9  200 day delay." (OSC Resp. 5:22-23, Exs. A, B.)  Further, after discussing *Evans*,

10  Petitioner makes an effort to show his 200-day filing delay was justified by explaining

11  he did not have access to the prison law library or legal materials during this period.

12  (*Id.* at 4-5.)  Petitioner further supports his position by proffering two exhibits that are

13  copies of two separate "Inmate Request for Interview" forms ("Request Forms"),

14  dated August 27, 2007 ("First Request"), and October 7, 2007 ("Second Request").

15  (*Id.*)  The Request Forms indicate the law library may have been closed for most of this

16  200-day period.  Specifically, the First Request discloses Petitioner had made multiple

17  requests to have law library access in June and July in order to prepare a federal habeas

18  petition but he never received a prompt response; the First Request also shows

19  Petitioner requested legal materials to be brought to his cell.  (OSC Resp. Ex. B.)  The

20  First Request also shows that, on November 7, 2007, D. Tartaglia, a library assistant,

21  responded by advising Petitioner the library was closed "due to illness of library staff."

22   (*Id.*)  In his Second Request, Petitioner again asked for library access to prepare his

23  federal habeas petition, however, on November 7, 2007, Tartaglia responded by

24  notifying Petitioner the prison law library was closed in September and October "[d]ue

25  to illness of library staff." (OSC Resp. Ex. A.)

26        Based upon the foregoing, the Court finds Petitioner has provided a reasonable

27  explanation for his inability to file his Petition during the foregoing 200-day period.

28  *Evans*, 546 U.S. at 198-99; *see also In re Stankewitz*, 40 Cal. 3d 391, 396-97 n.1

1   (1985) ("Assuming that . . . the delay was substantial," petitioner met his burden of

2   showing circumstances sufficient to justify the delay.)  Accordingly, the Court finds

3   statutory tolling is warranted for the 200-day period running from June 13, 2007, to

4   December 30, 2007.  Further, Petitioner is entitled to statutory tolling from December

5   30, 2007, to January 14, 2008, the 15-day period during which his second state habeas

6   petition was pending with the state court of appeal.  28 U.S.C. § 2244(d)(2); *Bonner*,

7   425 F.3d at 1148.  The 215 days of statutory tolling for the period running from June

8   13, 2007, through January 14, 2008, extended the limitation periods from June 19,

9   2007, until Monday, January 21, 2008 (the 215th day actually falls on Sunday, January

10  20, 2008).

11      However, even with the benefit of the 215 days of additional statutory tolling,

12  the Petition is still untimely.  This is because Petitioner waited until April 9, 2008 --

13  another 86 days after the second state habeas petition was denied on January 14, 2008

14  -- to constructively file his third state habeas petition with the California Supreme

15  Court.  (Pet. 4, Attachments.)   Neither the Petition nor the OSC Response show or

16  explain why Petitioner was unable to file his Petition during this period.  Consequently,

17  the Court finds this unexplained, unjustified 86-day filing delay is unreasonable under

18  California law because it is also clearly "longer than the 'short period[s] of time,' 30

19  to 60 days, that most States provide for filing an appeal to the state supreme court," and

20  "far longer than the 10-day period California gives a losing party to file a notice of

21  appeal in the California Supreme Court."  *See Evans*, 546 U.S. at 199-200; *Forrister*

22  *v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D.

23  Cal. Mar. 15, 2007) (88-day delay unreasonable).

24      Thus, Petitioner is not entitled to statutory tolling for his third state habeas

25  petition in the California Supreme Court because the petition was filed after the

26  extended statute of the limitations period expired on January 21, 2008, and has no

27  tolling consequence.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

28  ("[S]ection 2254 does not permit the reinitiation of the limitations period that has

1  ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.

2  2001) (stating that filing of state petition after AEDPA's one-year time period has

3  elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1259 (11th Cir. 2000)

4  ("A state-court petition [] that is filed following the expiration of the limitations period

5  cannot toll that period because there is no period remaining to be tolled").

6      Accordingly, the Petition and relevant state court records establish it is untimely

7  by 157 days (the amount of untolled time between the new limitation deadline

8  (01/21/08) and the Petition's constructive filing date (06/26/08)).[2/]

9  **D.   Alternative Start of the Statute of Limitations**

10      **1.   State-Created Impediment**

11      In rare instances,  AEDPA provides that its one-year limitation period shall run

12  from "the date on which the impediment to filing an application created by State action

13  in violation of the Constitution or laws of the United States is removed, if the applicant

14  was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).  Asserting

15  that the statute of limitations was delayed by a state-created impediment requires a

16  showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

17  The face of the Petition and attachments do not set forth any facts showing that

18  Petitioner is entitled to relief under this provision.

19      **2.   Newly Recognized Constitutional Right**

20      AEDPA provides that, if a claim is based upon a constitutional right that is

21

22      [2/]    The Court further notes that if the Petition was not time-barred it would be
23  subject to dismissal as a mixed petition because three of the four grounds are
   unexhausted. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198 (1982); *Pliler v.*
24  *Ford*, 542 U.S. 225, 227, 124 S. Ct. 2441 (2004).  Specifically, the Petition and
   relevant state court records attached as exhibits indicate the first, second, and third
25  grounds of the Petition are unexhausted because they were not raised on direct review,
26  and that Petitioner has raised them in a habeas petition that he recently filed with the
   California Supreme Court. However, as the above analysis makes clear, all of
27  Petitioner's state habeas petitions were filed far too long after the statute of limitations
28  expired to have any bearing on the exhaustion issue.

newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition and attachments do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and attachments do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### E. Equitable Tolling

As a prefatory matter, the Court observes there is no clearly established federal law that expressly holds equitable tolling is available under § 2244(d)(1), and the Supreme Court has recently acknowledged this point. *Lawrence v. Florida,* 549 U.S. ---, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. [ ] Because the parties agree that equitable tolling is available, we assume without deciding that it is.").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has emphasized that determinations of "whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

1    In his OSC Response, Petitioner does not claim or show that he is entitled to
2    equitable tolling.  However, even assuming, without finding, his explanation for
3    statutory tolling were also raised in support of equitable tolling, the explanation would
4    not entitle Petitioner to equitable tolling for the same or similar reasons.  (*See* Section
5    II.C.)  Further, the Court notes that restrictions to library access and legal material do
6    not generally qualify as an "extraordinary circumstance" sufficient to equitably toll the
7    statute of limitations for federal habeas petitions.  *See Miller v. Marr*, 141 F.3d 976,
8    978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials and
9    resulting unawareness of the limitation period until it was too late did not warrant
10   equitable tolling); *Wilders v. Runnels*, No. C031478 CRB (PR), 2003 WL 22434102,
11   *3 (N.D. Cal. 2003); *Atkins v. Harris*, No. C 98-3188 MJJ (PR), 1999 WL 13719, *2
12   (N.D. Cal. 1999).

13   Prison officials typically provide prison law libraries or legal assistants to ensure
14   that prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims
15   challenging their convictions or conditions of confinement."  *Lewis v. Casey*, 518 U.S.
16   343, 356, 116 S.Ct. 2174 (1996).  However, prison officials of necessity must regulate
17   the time, manner and place in which library facilities and legal assistant programs are
18   used.  *See Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985).
19   Not surprisingly, lockdowns, placement in administrative segregation/solitary
20   confinement, and other common restrictions on access to the law library and legal
21   assistant programs, generally do not qualify as "extraordinary circumstances" for
22   purposes of equitable tolling. *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y.
23   2002).  There is no due process violation so long as an inmate has the basic capability
24   of presenting his claims to the courts, irrespective of the "capability of turning pages
25   in a law library."  *Lewis*, 518 U.S. at 356-57.

26   Moreover, even if Petitioner was denied access to the law library at various
27   times and for various reasons during the relevant period, he has failed to meet his
28   burden of establishing the alleged limited access made timely filing *impossible*.

Page 11

1   *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005). Indeed, as discussed above,

2   Petitioner has completely failed to show or explain his failure to file his Petition after

3   the aforementioned 215-day period from May 17, 2007, to January 14, 2008.

4        Accordingly, the Petition, attached exhibits and state court records establish that,

5   despite receiving some statutory and equitable tolling, the Petition is still subject to

6   summary dismissal because it is untimely.

7

8   **O R D E R**

9        The Court finds the Petition must be dismissed because it is time-barred for the

10   reasons stated above and in the Court's OSC. Further, by way of the OSC, the Court

11   finds Petitioner has already received notice and an opportunity to show cause why the

12   Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY

13   ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is

14   dismissed with prejudice. The Clerk is directed to enter judgment dismissing the

15   action with prejudice. Any and all pending motions are terminated.

16

17   DATED: _September 19, 2008

18                                            VIRGINIA A. PHILLIPS
                                       UNITED STATES DISTRICT JUDGE

19

20   Presented by:

21   /s/   ARTHUR NAKAZATO
            Arthur Nakazato

22   United States Magistrate Judge

23

24

25

26

27

28